

1  MARY J. SHEA (SBN 113222)
   SHEA LAW OFFICES
2  425 Market Street, Suite 2200
3  San Francisco, CA 94105
   Tel: 510-208-4422
4  Fax: 415-520-9407
   shealaw@aol.com
5
6  Attorneys for Plaintiff
   Karen Lauderbach

7

8              UNITED STATE DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
9                       (OAKLAND)

10

11

12 KAREN LAUDERBACH,           )   Case No.
                               )
13        Plaintiff,           )   COMPLAINT FOR DAMAGES
                               )
14 vs.                         )   REQUEST FOR JURY TRIAL
                               )
15                             )
   STATE OF CALIFORNIA, CALIFORNIA )
16 DEPARTMENT OF TRANSPORTATION, )
   and DOES 1 through 20, Inclusive )
17                             )
          Defendants.          )
18                             )
                               )   Amount in Controversy Exceeds $75,000
19 _____ )
                               )
20

                        **INTRODUCTION**

   This case is brought against Defendants for creating and maintaining an anti-disability and

racially hostile work environment, failing to investigate and to take prompt, remedial or appropriate

action and retaliating against Plaintiff in response to her complaints about the hostile work

environment.

- 1 -

**PARTIES**

1. Plaintiff KAREN LAUDERBACH, was, at all relevant times, an employee of Defendant State of California. She worked in the California Department of Transportation (hereafter "CALTRANS"). The Plaintiff is, and was, a resident of Pittsburg, California.

2. Defendant CALTRANS is a department of the State of California which deals with transportation. The plaintiff works for CALTRANS in a location in Oakland, California.

3. Defendants Does 1 through 20, inclusive, are sued under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. The plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and such Defendants caused Plaintiff's damages as herein alleged.

4. The plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each and every defendant was the agent, servant, employee and/or representative of each and every other defendant and was, in doing the things complained of herein, acting within the scope of said agency, service, employment and/or representation, and that each and every defendant herein is jointly and severally responsible and liable to Plaintiff for the damages hereinafter alleged.

**JURISDICTION AND VENUE**

5. Jurisdiction in the U.S. District Court of the Central District of California is proper pursuant to 28 U.S.C. §1331, Federal Question Jurisdiction in that this is an action arising under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964, respectively. The Court has supplemental jurisdiction over Plaintiff's state law claims.

## FACTS

6. As of the time Plaintiff was left on disability leave, Plaintiff worked for defendant CALTRANS at its Oakland District Office as an Administrator. Since that time, Plaintiff has continuously been in the employ of Defendant CALTRANS. The plaintiff at all times performed her job responsibilities competently and conscientiously having received outstanding performance evaluations prior to the events rise to plaintiffs' claims herein.

7. When Plaintiff was transferred to the Oakland office, she was subjected to harassment and discrimination in the terms and conditions of her employment because she was not African American. The plaintiff is Hispanic. The plaintiff was mistreated by group of African American employees and managers. Plaintiff complained to her managers no avail.

8. The plaintiff also suffered disability and Defendants not only failed to accommodate Plaintiff, but it failed to engage in a meaningful interactive process and subjected Plaintiff to harassment and discrimination because of her disability and requests for accommodation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff initiated an informal complaint for discrimination, failure to accommodate, harassment, and retaliation with the CALTRANS office. The plaintiff also filed a complaint with the EEOC. The plaintiff is informed and believes that the EEOC "co-filed" a claim with the California Department of Fair Employment and Housing Commission. Plaintiff received the requisite Right to Sue notices. The plaintiff has therefore exhausted her administrative remedies.

## FIRST CLAIM FOR RELIEF
### DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE
(Rehabilitation Act of 1973, as
Amended, 29 U.S.C. §706; 791 *et Seq.*)

10. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 9 of the

introductory allegations as if set forth in full.

11. At all times herein mentioned, plaintiff was a disabled individual as defined in EEOC regulation, 29 C.F.R. §1614.203(a). As a result of plaintiff's disability, plaintiff was unable to perform the essential functions of her job position without reasonable accommodation.

12. By virtue of the allegations set forth in paragraphs, despite the CALTRANS having been placed on notice of plaintiff's disability and her necessity for reasonable accommodation, Defendants refused to provide said accommodation.

13. As direct and proximate result of the said discrimination, plaintiff sustained economic damages for past and perspective loss of earnings and benefits, according to proof.

14. As a further and direct proximate result of said discrimination, plaintiff sustained general damages for severe mental and emotional distress and for exacerbation of her physical disabilities, in sums prayed.

15. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to 29 U.S.C. §794(a).

## SECOND CLAIM FOR RELIEF
## DISABILITY DISCRIMINATION, DISPARATE TREATMENT
### (Rehabilitation Act of 1973, as Amended, 29 U.S.C. §706; 791 *et Seq.*)

16. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15 of the introductory allegations as if set forth in full.

17. At all times herein mentioned, plaintiff was a disabled individual as defined in EEOC regulation, 29 C.F.R. §1614.203(a).

18. By virtue the conduct described at paragraphs above, plaintiff was subject to adverse employment actions and treated less favorably than those similarly situated employees who were not part of plaintiff's protected class.

19. As direct and proximate result of the said discrimination, plaintiff sustained economic damages

COMPLAINT

- 4 -

for past and perspective loss of earnings and benefits, according to proof.

20. As a further and direct proximate result of said discrimination, plaintiff sustained general damages for severe mental and emotional distress and for exacerbation of her physical disabilities, in sums prayed.

21. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to 29 U.S.C. §794(a).

### THIRD CLAIM FOR RELIEF
### REPRISAL FOR ENGAGING IN PROTECTED ACTIVITY
(Title VII of the Civil Rights Act of 1964,
as Amended, §701 *et Seq.*, 42 U.S.C. 2000(e) *et seq.*)

22. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 21 of the introductory allegations as if set forth in full.

23. By virtue of the conduct set forth in paragraphs 6 to 8 above, plaintiff filed a complaint about defendants' course of conduct which she reasonably believed to be in violation of those rights granted to him under the Rehabilitation Act of 1973.

24. By virtue of the conduct set forth in paragraphs 6 to 8 above, plaintiff was subjected to unlawful retaliatory conduct which commenced immediately after having engaged in protected activity and from which a retaliatory motive can be inferred.

25. As a direct and proximate result of the said retaliation, plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

26. As a further direct and proximate result of said retaliation, plaintiff sustained general damages for severe mental and emotional distress, in addition to exacerbation of her physical disability, in sums prayed.

27. Plaintiff is further entitled to statutory attorneys' fees pursuant to 42 U.S.C. §2000(e) *et seq.*

### FOURTH CLAIM FOR RELIEF
### RACE AND DISABILITY DISCRIMINATION and HARASSMENT (Title VII of The Civil Rights Act of 1964,
as Amended, §701 Et Seq., 42 U.S.C. 2000(e) *et seq.*)

28. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 27 of the

introductory allegations as if set forth in full.

29. At all times herein mentioned, plaintiff was Hispanic and a disabled individual as defined in EEOC regulation, 29 C.F.R. §1614.203(a).

30. By virtue of the continuous discrimination, harassing and outrageous conduct described at paragraphs 6 to 8 above, plaintiff was subject to discrimination and harassment motivated by illegal animus based on plaintiff's race and disability.

31. By virtue of the conduct set forth in paragraphs 6 to 8 above, said discrimination and harassment was sufficiently severe and pervasive to effect the term or condition of her employment.

32. As a direct and proximate result of said discriminatory harassment, plaintiff sustained economic damages for past and perspective loss of earnings and benefits, according to proof.

33. As a further direct and proximate result of said discrimination and harassment, plaintiff sustained general damages for severe mental and emotional distress, as well as an exacerbation of her disability, in sums prayed.

34. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to 42 U.S.C. §2000(e) *et seq.*

**FIFTH CLAIM FOR RELIEF**
**Race and Disability Harassment and Discrimination**
**Cal. Gov. Code §§12940(a), (h), (I).**

35. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 34 of the introductory allegations as if set forth in full.

36. The above-described actions of defendants and their employees constituted race and disability harassment and discrimination in violation of the FEHA, Cal. Gov. Code §§ 12940(a), (h), and (I), in that Plaintiff was subjected to a hostile, intimidating and offensive work environment, which interfered with her work performance, denied her privileges, and adversely affected the terms and conditions of her job on the basis of her race and disability. Other employees aided

COMPLAINT

and abetted in the creation and maintenance of a race and disability hostile work environment. Plaintiff was also subjected to retaliation for opposing the practices prohibited under the FEHA.

37. Plaintiff belongs to a group protected by the FEHA: she is Hispanic and is disabled. Plaintiff was discriminated against and harassed and subject to a hostile work environment on the basis of her race and disability.

38. The harassment to which Plaintiff was subjected was at all material times unwelcome to Plaintiff.

39. The harassment to which Plaintiff was subjected was sufficiently pervasive, severe, regular and/or frequent, and inescapable as to alter the terms of Plaintiff's employment with Defendants and to create a hostile and abusive work environment for Plaintiff.

40. Defendants knew or should have known about the harassment to which Plaintiff was subjected. Plaintiff made complaints to management-level employees of Defendants.

41. Furthermore, at times, the persons creating, witnessing, and/or participating in the hostile environment were supervisory employees.

42. Defendants knew or should have known of a pattern and practice of race and disability harassment and hostile work environment perpetrated by Defendants against other female employees. Defendants also knew or should have known of the hostile environment in which they required their employees to work.

43. Although on notice of the hostile and abusive conduct of other employees, Defendants did not take prompt effective remedial action and failed to subject employees to appropriate discipline

44. If any remedial action was taken, it did not correct the hostile environment.

45. Defendants, through their actions and inaction, endorsed and ratified the race and disability hostile environment created by its employees.

46. The above-described conduct of Defendants in violation of the FEHA caused Plaintiff to suffer extreme emotional distress and physical suffering. As a foreseeable result of this conduct,

- 7 -

### SIXTH CLAIM FOR RELIEF
**Failure to Prevent Discrimination and Race and disability Harassment**
**Cal. Gov. Code § 12940(I).**

47. Plaintiff realleges and incorporates herein by reference every allegation stated herein.

48. Defendants failed to take all reasonable steps to prevent race and disability harassment and discrimination from occurring. Defendants' failure to take such action violated the FEHA, Cal. Gov. Code §12940(j).

49. The FEHA requires employers to take all reasonable steps to prevent race and disability harassment, including the institution by employers of policies, procedures and practices that include prompt and effective remedial procedures, and appropriate training, monitoring and disciplinary measures.

50. Defendants' policies, procedures and practices were inadequate for prevention, monitoring and remediation of race and disability harassment. If such policies, procedures and practices existed, employees, including supervisors, were insufficiently trained in or made aware of those policies and procedures for the policies and procedures to prevent race and disability harassment from occurring.

51. Once made aware of the hostile and abusive conduct toward Plaintiff, defendants failed to take measures to prevent additional harassment.

52. The above-described conduct of defendants in violation of the FEHA, caused Plaintiff to suffer extreme emotional distress, physical suffering and economic loss. As a foreseeable result of this conduct, Plaintiff has suffered and will continue to suffer damages as set forth above.

Plaintiff has suffered and will continue to suffer damages as set forth above.

Wherefore, Plaintiff requests relief as set forth below.

///
///

COMPLAINT

- 8 -

**SEVENTH CLAIM FOR RELIEF**
**Racial Harassment and Discrimination,**
**California Government Code §12940 et. seq.**

53. Plaintiff realleges and incorporates each and every fact alleged herein.

54. Plaintiff was subjected to continuous and/or severe hostile environment based on race and/or color. She was subjected to racism and race-based discrimination at her workplace which was perpetrated and tolerated by persons in positions of power as set forth herein.

55. Plaintiff complained about the harassment and discrimination to which she was subjected.

56. The above-described conduct of defendants in violation of the FEHA caused Plaintiff to suffer extreme emotional distress, physical suffering and economic damages. As a foreseeable result of this conduct, Plaintiff has suffered and will continue to suffer damages as set forth above.

WHEREFORE, Plaintiff requests relief as set forth below.

**EIGHTH CLAIM FOR RELIEF**
**Retaliation in Violation of California Fair Employment and Housing Act,**
**California Government Code §12940 et. seq.**

57. Plaintiff realleges and incorporates each and every fact alleged herein.

58. Plaintiff engaged in protected activity by complaining and opposing practices made unlawful by FEHA.

59. Plaintiff complained about the hostile environment in which she was required to work.

60. As a direct result of her complaints, Plaintiff began to experience retaliation, including increasingly hostile treatment and intensive monitoring by managers. Plaintiff was subjected to retaliation by Defendants, including but not limited to, being denied a schedule that permitted her to attend classes, a request that had been previously accommodated; retroactively denying Ms. Charles' medical leave request, which was fully documented; and docking her pay for the compensation received during the leave.

61. The above-described conduct of Defendants in violation of the FEHA caused Plaintiff to suffer extreme emotional distress, physical suffering and economic loss. As a foreseeable

result of this conduct, Plaintiff has suffered and will continue to suffer damages as set forth herein.

WHEREFORE, Plaintiff requests relief as set forth below.

### NINTH CLAIM FOR RELIEF
### Failure to Discharge Statutory Duty

62. Plaintiff realleges and incorporates each and every fact alleged herein.

63. Pursuant to California Gov. Code §815.6, Defendants were under a mandatory duty under California Government Code §12940 et seq to provide a work environment free from harassment on the basis of race and/or disability.

64. Pursuant to California Constitution Article 1, Section 7, which guarantees plaintiff equal protection of the law, Defendants were under a mandatory duty not to discriminate against plaintiff on the basis of her race and/or disability.

65. In doing the acts and omissions herein alleged, defendants breached their statutory and constitutional duties.

66. As a result of the acts and omissions of Defendants, Plaintiff has suffered and continues to suffer damages as alleged herein and is entitled to relief in an amount according to proof.

Wherefore, Plaintiff requests relief as set forth below.

### REQUEST FOR RELIEF

Plaintiff hereby requests the following relief:

WHEREFORE plaintiff prays judgment against Defendants as follows:

a. For back pay, according to proof;

b. For front pay, according to proof;

c. For compensatory damages;

d. For statutory attorney's fees;

e. For cost of suit incurred; and

COMPLAINT

- 10 -

1  f.   Such further relief as the Court deems proper.

2  g.   Compensatory damages on all causes of action against all Defendants.

3  h.   Attorney's fees and costs pursuant to Government Code Section 12965 and any other applicable statute.

4  i.   Costs of suit.

5  j.   Any other relief that this court deems proper.

DATED: October 26, 2007.                    SHEA LAW OFFICES


                                By:____/s/_____

                                       Mary J. Shea

                                Attorneys for Plaintiff

### JURY TRIAL REQUESTED

Plaintiff hereby demands a trial by jury on the claims being asserted herein.

Dated:    October 26, 2007                   SHEA LAW OFFICES


                                By:    ____/s/_____

                                       Mary J. Shea

COMPLAINT

- 11 -