BRUCE A. BEHRENS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
G. MICHAEL HARRINGTON, Assistant Chief Counsel [SBN 124677]
595 Market Street, Suite 1700
San Francisco, CA 94105
Mail: P.O. Box 7444
San Francisco, CA 94120-7444
Telephone: (415) 904-5700
Facsimile: (415) 904-2333

Attorneys for Defendant State of California,
acting by and through the Department of Transportation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KAREN LAUDERBACH, | Case No. 3:07-CV-05500-BZ |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS |
| vs. | |
| STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF TRANSPORTATION, and DOES 1 through 20, Inclusive, | *(FRCP 12(b)(6))* |
| Defendants. | Date:  May 14, 2008<br>Time:  10:00 a.m.<br>Courtroom: G<br>Honorable Bernard Zimmerman |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 14, 2008, at 10:00a.m. in Courtroom G of the above-entitled Court, located at 450 Golden Gate Avenue, in San Francisco, California, Defendant State of California, acting by and through the Department of Transportation ("State") will and hereby does move the Court for an order pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure* to dismiss Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of

Action. Plaintiffs have failed to state facts constituting any claim for relief because the State is immune from suit by virtue of the *Eleventh Amendment*.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and such other papers, records, and pleadings as may be on file herein.

DATED: March 12, 2008                                                BEHRENS, GOSSAGE & HARRINGTON

By_____
Attorneys for Defendant
STATE OF CALIFORNIA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiff Karen Lauderbach filed the subject lawsuit on **October 26, 2007.** Plaintiffs' **action against** the State must be dismissed because **it is** subject to the bar of the Eleventh Amendment. It is firmly established that the Eleventh Amendment acts as a bar to any attempt to sue the State in federal court on claims arising under federal law or state law. Although the Eleventh Amendment has been interpreted as **an expression of the** sovereign immunity **of the states**, it also **acts as** a limit on the subject matter jurisdiction of the federal courts. Because the complaint in its entirety fails to state any claim for which relief may be granted as against the State, **it** must be dismissed.

**II.**

**LEGAL ARGUMENT**

A. <u>Standard of Review</u>

Pursuant to *Federal Rules of Civil Procedure, Rule 12, subdivision (b)(6)*, a complaint may be dismissed for failure to state a claim upon which relief can be granted. A complaint may be dismissed as a matter of law where there is insufficient factual basis to support a plaintiff's legal

1  theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984).

2  Where the lawsuit is brought against defendants who have statutory or common law
3  immunities, motions to dismiss are proper. *See, e.g, Thomas v. Nakatani*, 309 F.3d 1203, 1205 (9th
4  Cir. 2002) (motion to dismiss on sovereign immunity grounds: benefit of immunity would be lost if
5  suit allowed to proceed past motion stage.)

6  B. **The Eleventh Amendment Bars All Plaintiffs' Claims Against the State**

7  The Eleventh Amendment to the U.S. Constitution provides, "[t]he Judicial power of the
8  United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted
9  against one of the United States by Citizens of another State, or by Citizens or Subjects of any
10 Foreign State." This "immunity" from suit is a fundamental aspect of the sovereignty which the
11 States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v.*
12 *Maine*, 527 U.S. 706 (1999). **Although the Eleventh Amendment does not expressly bar suits**
13 **against a state by its own citizens, it has been so interpreted: "[A]n unconsenting State is**
14 **immune from suits brought in federal courts by her own citizens as well as by citizens of**
15 **another state."** *Pennhurst State School and Hosp. v. Halderman*, **465 U.S. 89, 100, (1984);**
16 *Papasan v. Allain*, **478 U.S. 265 (1986). The Eleventh Amendment acts as a limit on federal**
17 **jurisdiction because, "federal jurisdiction over suits against unconsenting States was not**
18 **contemplated by the Constitution when establishing the judicial power of the United States."**
19 *Seminole Tribe of Florida v. Florida*, **517 U.S. 44, 54 (1996). The Eleventh Amendment applies**
20 **to state agencies and departments of the state, as well as the State itself.** *Puerto Rico Aqueduct*
21 *and Sewer Authority v. Metcalf & Eddy, Inc.*, **506 U.S. 139 (1993).**

22 Since *Pennhurst State School and Hospital v. Halderman, supra*, 465 U.S. 89, it has been
23 beyond doubt that the Eleventh Amendment bars suit against a state or state agency for the type of
24 relief sought in the instant action. *See also R.J. Reynolds Tobacco Co. v. Bonta*, 272 F.Supp.2d
25 1085, 1110, (E.D. Cal. 2003), *aff'd* 384 F3d 1126 (9th Cir. 2004) (state law claim under California
26 constitution subject to Eleventh Amendment); *Gilbreath v. Cutter biological, Inc.*, 931 F.2d 1320,
27 1327 (9th Cir. 1991) (state claims are subject to 11th Amendment bar.)

Here, there can be no dispute that Plaintiffs now seek relief from this Court in their suit against **the** State. Their Complaint specifically names the "State of California" as a Defendant, and asserts various claims under state law. Since Plaintiffs are absolutely precluded **under sovereign immunity,** the State must be dismissed from this lawsuit.

### III.

### CONCLUSION

For the reasons stated above, the State respectfully requests that all claims against it be dismissed..

DATED: March 12, 2008                        BEHRENS, GOSSAGE & HARRINGTON

By_____
Attorneys for Defendant
STATE OF CALIFORNIA

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
(Mail: P.O. Box 7444, San Francisco, California 94120-7444)
595 Market Street, Suite 1700, San Francisco, California 94105
Telephone: (415) 904-5700  Facsimile: (415) 904-2333